PHILO ·T. RUGGLES, as RECEIVER OF THE CITIZENS' PLATE
  GLASS INSURANCE COMPANY, RESPONDENT, v. JAMES N.
  ·BROCK, APPELLANT.

*Receiver of corporation — action to recover unpaid subscriptions — defense to — effect
  of stockholder acting as trustee — estoppel.*

The plaintiff having been appointed receiver of a corporation in an action brought
  by the people to procure its dissolution, on the ground of its insolvency, brought
  this action to recover from the defendant the amount unpaid upon his subscrip-
  tion to the stock of the company. The defendant alleged, that his subscription
  was made on the faith of representations made to him, at a meeting of the incor-
  porators, that the amount of capital stock required by the charter to be paid in
  in cash, had been paid in, when, in fact, it had not. *Held*, that as the receiver
  represented the creditors as well as the persons interested in the corporation,
  these facts constitute no defense to the action.

The defendant, after his subscription to the stock of the company, acted as one
  of its directors, *held*, that he was thereby estopped from denying its existence,
  and, as against its creditors, from denying the validity of his subscription.

APPEAL from a judgment in favor of the plaintiff, entered upon
a verdict directed by the court.

*Henry Daily, Jr.*, for the appellant.

*Barlow & Olney*, for the respondent.

DAVIS, P. J.:

  This case was submitted, without argument, by the counsel for
the respective parties at the October term, with an understanding,
to which the court consented, that the points of the appellant might
be handed in at a future day. No points, on the part of the appel-
lant, have been received by the clerk or either of the judges.

  The respondent was appointed receiver of the Citizens' Plate Glass
Insurance Company, in an action brought by the people of the State
of New York against that corporation, to declare the same dissolved,
and to distribute its effects through a receiver. The complaint in
that action alleged, amongst other things, that the corporation was
insolvent and unable to pay its debts; that it had been engaged in the
business of insurance under its charter for more than a year, and

had issued divers policies of insurance which were then outstanding. The receiver was appointed by an order of the court, made in November, 1873, which amongst other things authorized and empowered him to bring suits at law and in equity for the collection of all money due or to become due to said corporation, or to himself as such receiver. This suit is brought against the appellant to recover upon his original subscription to the capital stock of said company. It appeared upon the trial, that the Citizens' Plate Glass Insurance Company was incorporated by an act of the legislature (Laws of 1872, chap. 180), by the terms of which the defendant, and certain other persons named therein, were constituted a body corporate by that name; that certain of the persons named in the act as incorporators proceeded to organize the corporation, and to obtain subscriptions for its capital stock; and that the appellant subscribed for sixty-nine shares, amounting to $6,900, on which he has paid but three per cent. His alleged defense is, that he made the subscription at a meeting of the incorporators; and that before doing so, he inquired whether the $55,000 required by the charter to be paid in in cash had been so paid in, and was informed that it had, and that it was in the hands of one of the incorporators then present; that he signed the subscription relying upon such representations, and would not have done so had he known the representations were untrue, and that in fact at that time nothing had been paid in. The court, on receiving this testimony, held that the facts admitting them to be true, were no defense and directed a verdict. The receiver represents the creditors, as well as all other parties interested in the corporation. It was neither shown, nor alleged, that there are no creditors, and the allegations above referred to, in the suit in which he was appointed, indicate that there are general creditors, as well as outstanding policies of the insurance company. It is not necessary, therefore, to determine whether the facts proved upon the trial constitute a defense to an action, brought by the corporation, to enforce the subscription, or to an action by a receiver, where no creditors or outstanding obligations of any kind exist.

The appellant not only subscribed for the stock, but became an officer of the corporation, serving as one of its directors. He is thereby estopped from denying that the corporation had an exist-

ence (*Methodist Episcopal Union Church* v. *Pickett*, 19 N. Y., 482; *Eaton* v. *Aspinwall*, id., 119), and as against creditors, from assailing the validity of the subscription.

We are of opinion that the facts set up were no defense to this action.

DANIELS, J., concurred.

Judgment affirmed.